IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA TREVINO,<br><br>            Plaintiffs,<br>      vs.<br><br>SEARS ROEBUCK, INC. AND DOES<br>1 THROUGH 100, inclusive,<br><br>            Defendants.<br>_____/ | CASE NO. CV F 06-0543-LJO- NEW<br><br>**ORDER DENYING MOTION TO DISMISS;**<br>**ORDER GRANTING SANCTIONS** |

## I. INTRODUCTION

Defendant Sears Roebuck, Inc. ("Sears") seeks a dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this claim.[1] Sears also seeks sanctions against Plaintiff and her counsel, Juan M. Falcon ("Mr. Falcon") for the amounts incurred in filing this motion and attending Plaintiff's properly noticed deposition to which she failed to appear.  Mr. Falcon opposes the motion to dismiss, but agrees that monetary sanctions are reasonable.  For the foregoing reasons, Sears' motion to dismiss is DENIED, but Sears request for sanctions is GRANTED.

---

[1] In the alternative, Defendant Sears Roebuck, Inc. ("Sears") sought an order from this Court compelling Plaintiff's Initial Disclosures, responses to Sears' interrogatories, and requests for production of evidence, and attendance at her disposition. See Def. Mot. Dismiss, 7-9 (Doc. 17). On April 23, 2007, Plaintiff satisfied those requests by attending a deposition, giving Sears the initial disclosures and responding to the interrogatories and requests for production of evidence. Therefore, that motion is moot.

1

## II. BACKGROUND

Plaintiff filed her complaint for wrongful and retaliatory termination on March 28, 2006. In August, the parties met and conferred on the joint status report and the initial scheduling conference took place on September 7, 2006. Thereafter, Sears' counsel never heard from Plaintiff's counsel, Mr. Juan Falcon ("Mr. Falcon").

Until very recently, Mr. Falcon failed to prosecute this case. He failed serve the initial disclosures, which were due on October 10, 2006. He failed to respond to the request for production of evidence and did not answer the special interrogatories. Mr. Falcon did not respond to Sears' counsel at any time during the discovery period.

Sears' counsel never sought an order from this Court to compel discovery during the discovery period. They sent initial disclosures, special interrogatories, and a request for production of evidence. Sears' counsel sent a letter on November 7, 2006, asking for the initial disclosures. Sears counsel served a Deposition Notice on Plaintiff on January 12, 2007, which was rescheduled. On March 12, 2007, Sears' counsel sent another letter to Mr. Faclon, along with a Deposition Re-Notice. At the second scheduled deposition, they waited for 15 minutes, but no one appeared. On April 3, 2007, discovery closed pursuant to the Scheduling Order. Thereafter, Sears sought to dismiss this case with prejudice for failure to prosecute and sanctions.

The instant motion caught the attention of Mr. Falcon. On April 13, 2007, Mr. Falcon agreed to promptly produce Plaintiff for her deposition on shortened notice. The deposition of Plaintiff took place on April 23, 2007. On that date, Plaintiff further provided the initial disclosures, the answers to the special interrogatories and produced the requested evidence.

On May 4, 2007, rather than reply to the instant motion, Sears filed a Motion for Summary Judgment, based on the evidence received on April 23, 2007.

## III. ARGUMENTS

Sears argues that dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) is appropriate. Plaintiff must be held accountable for her counsel's inexcusable conduct which as prejudiced the Defendant. Further, Plaintiff has been put on notice of her dilatory behavior through

letters and voice mail messages. Mr. Falcon's behavior is completely inexcusable and should not be condoned by this Court. Plaintiffs should be ordered to reimburse defendant for its expenses in bringing this motion and for the deposition. Defendant has incurred in excess of $3,742 in attorneys' fees and costs in preparing to bring this motion. Defendant also incurred attorneys' fees and costs in the amount of $1,820 in attending Plaintiff's deposition, to which she failed to appear.

Plaintiff argues that the ultimate sanction of dismissal is not appropriate in this matter, given that compliance with Rule 26 has been satisfied, the rescheduled deposition of Plaintiff has taken place, and Plaintiff bore no responsibility in the belated discovery responses. Plaintiff further argues that there were no prior warnings of dismissal or default by this Court and there was no prejudice to Sears, since Sears was able to file a Motion for Summary Judgment even with Plaintiff's belated discovery responses, there was no prejudice to Defendant. Finally, at no time was Mr. Falcon ever willfully disobedient to a court order. Instead, his pressing criminal calendar made the discovery responses late. Mr. Falcon requests that the Court only issue a reasonable monetary sanction in the sum of one thousand dollars ($1000). The less drastic sanction of reasonable monetary sanctions has and will insure that there are no further discovery violations in this matter.

### IV. ANALYSIS

Under F.R.Civ.P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:

1. Designate facts as established;
2. Refuse to allow the disobedient party to support or oppose designated claims;
3. Prohibit the disobedient party from introducing designated matters in evidence;
4. Strike out pleadings or parts thereof;
5. Stay further proceedings until an order is obeyed;
6. Dismiss an action, proceeding or any part thereof; or
7. Render judgment by default against the disobedient party.

F.R.Civ.P. 37(b)(2)(e) authorizes monetary sanctions and states in pertinent part:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that failure was substantially justified or that other circumstances make an award of expenses unjust.

"Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-

compliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad*, 762 F.2d at 1341.) A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998).

A district court must consider five factors to determine whether to impose a severe sanction of dismissal or default:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Valley Engineers*, 158 F.3d at 1057 (9th Cir. 1998); *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *Henry*, 983 F.2d at 948; *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988); *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

"What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers,* 158 F.3d at 1057 (quoting *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

The factors to determine whether to impose the severe sanction of dismissal weigh in favor of the plaintiff in this case. The risk of prejudice to Sears has been greatly reduced by the belated discovery responses Plaintiff provided on April 23, 2007. This is further evidenced by the motion for summary judgment Sears filed, which is based upon the evidence provided by Plaintiff. Less drastic sanctions are available in this case to provide an effective deterrence for the violation. Mr. Falcon requests "that the Court only issue reasonable monetary sanctions in the sum of one thousand dollars ($1,000.00). The less drastic sanction of reasonable monetary sanctions has and will insure that there are no further discovery violations in this matter." Declaration of Juan Falcon, ¶ 15 (Doc. 21). Sears requests sanctions be imposed in the amount of $5562, for costs associated with filing this motion ($3742) and for the

<000000>

deposition to which the Plaintiff failed to appear ($1820).

An important factor in determining the degree and amount of sanctions is whether the court had warned the offending party that further discovery violations would result in dismissal or default. See *United States v. Kahluu Const. Co,* 857 F.2d 600, 605 (requiring prior warning).[2] In this case, Sears never sought a court order to compel discovery during the discovery period. Understanding that they had not heard from Mr. Falcon after a few months, Sears allowed the discovery deadline to pass without alerting the court or seeking help in order to obtain the requested evidence. No prior warning was issued by this Court and thus, there is no evidence of wilful disobedience of a court order by Mr. Falcon.

Further, Sears went forward with the deposition and incurred those costs without having heard from Mr. Falcon for five months and having a good reason to believe the deposition would not take place. Those expenses could have been avoided if counsel for Sears had instead requested an order from this Court to compel the discovery they sought.

### V. Conclusion

Because of the public policy favoring disposition of the case on the merits, the availability of less drastic sanctions, and the lack of prejudice in this case, the Court hereby ORDERS:

I. Sears' motion to dismiss is DENIED;

II. Sears' motion for sanctions is GRANTED;

III. Monetary sanctions in the amount of $1500 are imposed on Mr. Falcon, to be paid to counsel for Sears within 15 calendars days from the date of this Order; and

IV. The hearing for this motion currently set for May 14, 2007 is VACATED.

IT IS SO ORDERED.

**Dated:   May 4, 2007**                    /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

---

[2] Mr. Juan Falcon and the Plaintiff are hereby admonished to comply with all deadlines in this case. Failure to do so will result in further sanctions, including the probability of dismissal.

5